1  Michael A. McGill, SBN 231613
2  mcgill@policeattorney.com
   Christopher L. Gaspard, SBN 275763
3  chris@policeattorney.com
4  LACKIE, DAMMEIER & MCGILL APC
   367 North Second Avenue
5  Upland, California  91786
6  Telephone: (909) 985-4003
   Facsimile:  (909) 985-32999
7
8  Attorneys for Plaintiffs,
   SCOT DAVIS; BRIAN FORD;
9  JEREMY HARRIS
10

11            **UNITED STATES DISTRICT COURT**

12           **CENTRAL DISTRICT OF CALIFORNIA**

13  SCOT DAVIS; BRIAN FORD; JEREMY          Case No.: 8V12- 04990 ABC((SHx)
14  HARRIS,
                                            **COMPLAINT FOR DAMAGES**
15                                          **AND INJUNCTIVE RELIEF**
                  Plaintiffs,              **FOR VIOLATION OF**
16                                          **INDIVIDUAL CIVIL RIGHTS**
17          vs.                             **AND LIBERTIES WITH**
                                            **SUPPLEMENTAL STATE LAW**
18  CITY OF BEAUMONT, a municipal           **CLAIMS**
19  corporation; FRANK COE, individually
    and as Chief of Police of the Beaumont
20  Police Department; GREG FAGAN,          **DEMAND FOR JURY TRIAL**
    individually and as Commander of the
21  Beaumont Police Department; and DOES
22  1 THROUGH 10 inclusive,
23
                  Defendants.
24
25
26  //
27  //
28  //

                              1

                          COMPLAINT

# I.

## PREFATORY

1. This is a complaint for damages and injunctive relief brought against Defendants for (1) retaliating against Plaintiffs for the lawful exercise of their individual civil rights and liberties of free expression and association; (2) violating the Family and Medical Leave Act ("FMLA"); (3) violating the California Government Code by discriminating, and retaliating against Plaintiffs for their protected associational activities and speech.

# II.

## JURISDICTION AND VENUE

2. Plaintiffs' action is authorized by 42 U.S.C. §1983, which provides for redress for the deprivation under color of state law of rights secured by the Constitution and the laws of the United States. Jurisdiction is conferred on this Court by 28 U.S.C. §1343(3), providing for jurisdiction in this Court of suits authorized by 42 U.S.C. §1983 to redress the deprivation under color of state law of any right, privilege, or immunity secured by the Constitution of the United States, and by 28 U.S.C. §1343(4), providing for the protection of civil rights. Federal supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. §1367. This Court has authority to provide declaratory and injunctive relief in this case pursuant to 28 U.S.C. §§2201 and 2202. Venue is proper in the Central District of California in that the wrongs alleged herein occurred within the County of Beaumont, within the Central District.

# III.

## PARTIES

3. Defendant, City of Beaumont ("the City"), is a municipality organized and existing under the laws of the State of California and wholly located within the State of California, County of Riverside. The Beaumont Police Department ("the Department") is an operating department of the City. At all relevant times

2

LACKIE, DAMMEIER & McGILL
A PROFESSIONAL CORPORATION

mentioned in this complaint, the City delegated its final policy-making and decision-making authority to Defendants Frank Coe and Commander Greg Fagan. The City adopted and ratified each of the decisions of Coe and Fagan as alleged herein as its own policies, customs, practices or decisions, as if the same had been promulgated directly by the City.

4.     Defendant Frank Coe is the chief of police for the Beaumont Police Department. He maintained this position at all times relevant to these claims. In doing the things alleged herein, Coe acted under color of state law, within the course and scope of his employment, and as an official policy-maker for the City. As chief of police, Coe is vested with policy-making authority over actions such as the ones at issue in this complaint.

5.     Defendant Greg Fagan is a commander for the Beaumont Police Department. He maintained this position at all times relevant to these claims. In doing the things alleged herein, Fagan acted under color of state law, within the course and scope of his employment, and as an official policy-maker for the City. As commander, Fagan is vested with policy-making authority over actions such as the ones at issue in this complaint.

6.     Plaintiffs Scot Davis, Brian Ford, and Jeremy Harris ("Plaintiffs") are, and were at all times relevant to this complaint, employed by Defendant City of Beaumont in the capacity of police officers and/or police corporals, and as such are entitled to the benefits and protections of the Public Safety Officers Procedural Bill of Rights ("POBR") Act, Government Code section 3300 et seq. Plaintiffs' home addresses are confidential under Penal Code §§ 146e and 832.7, and Vehicle Code §1808.4(a)(11).

7.     The true names and capacities of the Defendants named herein as DOES 1 through 10, whether individual, government, corporate, associate, or otherwise, are unknown to Plaintiffs who therefore sue such Defendants by such fictitious names pursuant to the California Code of Civil Procedure, Section 474 et.

3

seq.

8.     Defendant DOES 1 through 10, were at all times alleged herein, employers, employees, agents, partners, servants and joint venturers of Defendants and each of them and in some capacity were responsible for the wrongful acts herein complained of.  Plaintiffs are informed and believe that the DOE Defendants herein are California residents and will amend this Complaint to show their true names and capacities once they have been ascertained.

9.     Each and all of the acts of the Defendants as alleged herein were done by Defendants, their agents, servants, and employees, and each of them as individuals and under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California, and under the authority of their employment with full knowledge and approval of their superiors as agents.

## IV.

## FACTS COMMON TO ALL COUNTS

10.     All facts stated herein in any one section are incorporated, reiterated, and realleged in every other section.

11.     The Beaumont Police Officers Association ("the Association") is an employee association recognized as the exclusive bargaining representative for police officers employed by the City of Beaumont Police Department, including Plaintiffs.

12.     On or about October 8, 2007, Claimant Scot Davis was hired as a police corporal for the City of Beaumont. During his four years as a Beaumont police corporal, Claimant Davis performed his duties competently and without difficulty. During this time, Davis received numerous certifications and commendations, and has never been the subject of discipline.

13.     In or about March 2008, Claimant Brian Ford was hired as a police officer for the City of Beaumont. During his three years as a Beaumont police officer, Claimant Ford performed his duties competently and without difficulty.

4

During this time, Ford received numerous promotions and commendations.

14.     On or about January 19, 2009, Claimant Jeremy Harris was hired as a police corporal for the City of Beaumont. During his employment as a Beaumont police officer, Claimant Harris performed his duties competently and without difficulty. During this time, Harris received numerous certifications and commendations, and has never been the subject of discipline.

15.     In early April 2011, the Association voted to conduct an evaluation of Beaumont Police Chief Frank Coe. Claimants Davis and Ford spoke out at the Association meeting regarding the Chief's performance and were supportive of the effort to conduct the evaluation of the Chief.

16.     On or about April 20, 2011, the Association sent a letter to City Manager Alan Kapanicas, with an attachment containing numerous officer critiques of Chief Coe's performance. The majority of the critiques contained negative comments. Some of the statements were made by Claimants Davis and Harris. The letter to the City Manager explains that the "purpose of the evaluation was to express a voice and bring light to any areas of improvement that can be addressed and/or corrected . . . ."

17.     Based on information and belief, Chief Coe was furious about the Association's letter and immediately initiated a campaign of retaliation and discrimination against the Association and its members intended to silence their speech and punish them for their speech and petition for redress. Chief Coe attempted to compel the president of the Association to disclose which officers had made which specific statements in the letter to the City Manager. Based on information and belief, Chief Coe was aware that Plaintiffs had taken an active role in the letter to the City Manager outlining Coe's deficiencies as a police chief.

### *Chief's Refusal to Promote Association Members*

18.     In or about March 2011, Defendants announced vacancies for police sergeant positions. Claimant Davis and two other members of the Association

5

applied for the promotional positions. Instead of following through with the promotional testing, Chief Coe announced that he would be opening up the promotional positions to lateral applicants (applicants from outside police agencies).

19.     After opposition from the Association, based on the fact that the outside promotions would violate City policy, Coe opted to simply leave the promotional positions vacant. Chief Coe told Association members that there were no longer any sergeant positions opened. However, it was later discovered that Coe had offered both positions to outside applicants prior to opening the positions up to outside applicants. Coe subsequently made several changes to the application process for the position of sergeant.

20.     The Chief's actions are not only unlawful, but are transparently pretext—Coe is now sending corporals to leadership training (which was formerly only provided to sergeants), and instituting a policy of having corporals fill in for sergeants when there are no sergeants available. This is simply a demotion by another name.

### Chief's Draconian Punishment of Association Members

21.     Prior to their Associational speech, Davis, Ford, and Harris had stellar work records. But immediately after their speech calling into question the Chief's qualifications, they were all subjected to incredibly harsh discipline for trumped-up, pretext charges. Right after discovering the letter sent to the City Manager by the Association, Chief Coe instituted what he called a "zero tolerance" policy for discipline—he began hammering members of the Association, including Claimants Davis, Harris, and Ford, with draconian levels of discipline for minor allegations of misconduct.

### Corporal Scott Davis

22.     Plaintiff Scot Davis has served the City of Beaumont in the capacity of police corporal and detective. Prior to his employment with the City of

6

Beaumont, Davis was a deputy sheriff with the San Bernardino County Sheriff's Department. In the 15 years he has been an officer/deputy, including the time that he has been with the Beaumont P.D., he has excelled as a law enforcement officer. Davis is not and has never been a disciplinary "issue" for the City of Beaumont Police Department.

23.    In January 2011, Corporal Davis was assigned to investigate a shooting that occurred in the city of Beaumont. After interviewing the primary witness, Davis was instructed by Defendant Fagan to arrest and book the witness for lying. However, Davis believed the witness's statements. Davis refused to arrest the witness, telling Fagan that the witness statement was consistent with the crime scene and that Davis had no reason to doubt the statement. Commander Fagan became angry and threatened Davis' employment with the Beaumont Police Department in the presence of several of Davis's co-workers. Remarkably, Chief Coe later defended Fagan's actions.

24.    In April 2011, within days after the Association conducted its vote regarding the evaluation of Chief Coe, Coe called Corporal Davis into his office. During a conversation that lasted roughly three hours, Chief Coe informed Davis that Davis would never be a sergeant at the Beaumont Police Department. Toward the end of the meeting Chief Coe explained that he didn't care about Davis' critique of Coe in the evaluation, stating that Davis could put it in the newspaper for all he cared.

25.    Later the same day, Commander Beard called Davis into Beard's office. The meeting lasted in excess of an hour, and largely involved the same subject matter as Davis' earlier meeting with Chief Coe. During the meeting, Commander Beard told Davis that Davis was responsible for the morale issues at the department and called Davis a "rogue employee." Further, Beard pointed out that Davis would not be promoted, as doing so would be "rewarding bad behavior."

7

COMPLAINT

26.     On or about June 6, 2011, Corporal Davis was subpoenaed to appear as a witness in a preliminary hearing.

27.     On or about June 13, 2011, Corporal Davis he consulted with the department's subpoena clerk, Sandra Younger, regarding the filing of a "1050" form (referring to Penal Code section 1050, the code section dealing with good cause for a continuance) to alert the District Attorney's Office that it was his intention to be on FMLA leave due to the delivery of his baby, as his wife had given birth to their child the previous day, June 12, 2011. The steps taken by Cpl. Davis to notify the subpoena clerk are consistent with the past practice of the department and the officers in that department. He was advised by the subpoena clerk, that it would be taken care of, as such was the nature of her job. However, based on information and belief, the subpoena clerk, in error, failed to notify the D.A.'s office until June 16, 2011 at approximately 4:00 p.m.

28.     On or about June 17, 2011, at about 8:35 a.m., while home on FMLA leave, Corporal Davis received a telephone call from Sergeant Mark Keyser ordering Davis to respond to the preliminary hearing that was taking place at Southwest Superior Court in Murrieta, notwithstanding Davis' FMLA leave status. Given his family obligations, Davis made it to court as soon as possible, arriving at about 10:20 hours. Davis sat in court all day, his testimony was not required, and he was not released until 4:30 p.m.

29.     On or about July 13, 2011, Corporal Scot Davis was given notice by Defendants that he was being demoted from corporal to officer, removed from his assignment in the detective bureau, and suspended for 40 hours for allegedly being late to court while on FMLA leave.

30.     Based on information and belief, no other officer in the Beaumont Police Department has been disciplined for being late to court. In actuality, many officers who have missed court completely, and on a fairly routine basis have only received discipline in the manner of a written reprimand, and that was after

8

multiple offenses for which there was no viable or valid excuse. Commanders of the department have missed court without excuse.

31. On or about August 25, 2011, Davis underwent surgery to repair a torn rotator cuff and ligament in his right shoulder.

32. On or about October 24, 2011, Scot Davis returned to work on light-duty status. He was assigned to the records department, performing duties normally assigned to civilian employees. This assignment was in direct contravention of Lieutenant Schuler's written directive, dated September 7, 2010, which states that "Police officers on light duty will not be assigned to civilian type duties." Based on information and belief, other sworn Beaumont personnel have not been assigned civilian duties while on light duty. Furthermore, while on light duty, Davis requested that he be allowed to remove his necktie, as it aggravated his injury. His reasonable request was denied without explanation or justification.

### *Officer Brian Ford*

33. Plaintiff Brian Ford has served the City of Beaumont in the capacity of police officer. Since his employment, he has excelled as an officer. Ford is not and has never been a disciplinary "issue" for the City of Beaumont Police Department.

34. On or about August 15, 2011, Officer Ford conducted a traffic stop of a citizen. The citizen later drove to the police station to lodge a personnel complaint against Ford for his handling of the traffic stop. A police sergeant met with the citizen to handle the complaint. Based on information and belief, the sergeant who met with the citizen to handle the complaint mishandled the investigation and violated several of Ford's rights under the Public Safety Officers Procedural Bill of Rights Act (POBR). During the investigation, it was alleged that Ford was discourteous. Specifically, Ford was alleged to have mishandled the traffic stop, made disparaging remarks about the sergeant regarding the sergeant's violation of the Public Safety Officers Procedural Bill of Rights Act in connection

LACKIE, DAMMEIER & MCGILL
A PROFESSIONAL CORPORATION

9

COMPLAINT

1 of the complaint against Ford, and discourtesy to a police corporal.

2 35. On or about September 30, 2011, Officer Ford was given notice by
3 Defendants that he was being suspended for 30 days as a result of the sham
4 discourtesy allegations. Defendants subsequently imposed discipline on Ford.

5 36. No other officer in the Beaumont Police Department has ever been
6 disciplined so harshly for such minor allegations of discourtesy and mishandling a
7 traffic stop. It is clear that the actions taken by Defendants against Ford are in clear
8 retaliation for the exercise of his free speech and activities and his membership
9 with the Association. Furthermore, the actions of defendants constitute retaliation
10 under Public Safety Officers Procedural Bill of Rights Act.

## *Corporal Jeremy Harris*

12 37. Plaintiff Jeremy Harris has served the City of Beaumont in the
13 capacity of police corporal, detective, and tactical operator. In the 9 years he has
14 been an officer and with the 3 years he has been with the department, he has
15 excelled as a corporal, the rank he was hired in, having transferred laterally from
16 another police agency. Harris is not and has never been a disciplinary "issue" for
17 the City of Beaumont Police Department.

18 38. On or about July 5, 2011, Corporal Harris' wife dropped him off at
19 the police station, at which time it was observed that she had window tint on her
20 front passenger windows of her vehicle, a minor infraction under the California
21 Vehicle Code.

22 39. On or about July 13, 2011, Corporal Harris was given notice by
23 Defendants that he was being demoted from corporal to officer, removed from his
24 assignment in the detective bureau, and suspended for 40 hours for failing to
25 remove the window tint on his wife's vehicle.

26 40. No other officer in the Beaumont Police Department has ever been
27 disciplined so harshly for failing to correct such a minor equipment violation on
28 their spouses' vehicle. It is clear that the actions taken by Defendants against

LACKIE, DAMMEIER & McGILL
A PROFESSIONAL CORPORATION

10

1 Harris are in clear retaliation for the exercise of his free speech and activities and
2 membership with the Association.

## V.

## CLAIMS

## COUNT ONE

### *42 U.S.C. 1983*

7 41. Plaintiffs re-allege each and every preceding paragraph as though set
8 forth in full here.

9 42. Defendants retaliated against Plaintiffs by refusing to promote them to
10 the position of police sergeant. As a direct result of Plaintiffs exercising their
11 constitutional rights to free speech and participating in labor, organizational, social
12 and political activities as President and Vice-President of the Baldwin Park Police
13 Association, Defendants took the aforementioned adverse actions against them.
14 Absent said protected speech, Plaintiffs would not have been passed over for
15 promotion, would not have suffered adverse employment actions, and would not
16 have been injured.

17 43. The various acts of intimidation, reprisal, retaliation, suppression
18 and/or restraint exercised by Defendants against Plaintiffs has created a chilling
19 effect on their legitimate political, social and organizational speech by creating
20 fear, hesitation, hostility and other destructive responses.

21 44. In doing the things alleged herein, Defendants, and each of them,
22 violated the rights of Plaintiffs under the First and Fourteenth Amendments to the
23 United States Constitution to free expression, association and assembly.
24 Specifically, Defendants have taken the aforementioned action against Plaintiffs in
25 direct retaliation for, and in response to the various protected activities of
26 Plaintiffs.

27 45. The acts and omissions of Defendants, and each of them, were done
28 by Defendants under color of state law and as policy making authorities to which

LACKIE, DAMMEIER & MCGILL
A PROFESSIONAL CORPORATION

11

Defendant City delegated its governing powers in the subject matter areas in which these policies were promulgated or decisions taken or customs and practices followed. The acts and omissions described above were taken by the City's official policy makers as members charged with such responsibility. It was or should have been plainly obvious to any reasonable policy making official of City that the acts and omissions of Defendants as alleged herein, taking singly or in conjunction, directly violated and continued to violate Plaintiffs' clearly established constitutional and statutory rights. In doing the things alleged herein, Defendants acted with malicious intent to violate Plaintiffs' rights, or at least in conscious, reckless, and callous disregard of Plaintiffs' rights and to the injurious consequences likely to result from a violation of said rights. General and special damages are sought according to proof. Punitive damages are sought against the individual defendant, according to proof.

46.     Plaintiffs have no plain, speedy nor adequate remedy at law to prevent future violations of their civil rights, and therefore seek extraordinary relief in the form of permanent injunctions, as hereafter described. Damages alone are inadequate and injunctive relief is sought to command Defendants to promote Plaintiffs to the position of police sergeant, in order to place them in the position they would have been in, absent the unlawful conduct of Defendants.

## COUNT TWO

### *FMLA Interference & Retaliation – 29 U.S.C. § 2615*

*By Scot Davis Only*

47.     Plaintiffs re-allege each and every preceding paragraph as though set forth in full here.

48.     Plaintiff Davis was eligible for protections under the FMLA.

49.     The City of Beaumont was, and is, covered by the FMLA as Plaintiff Davis' employer.

50.     Plaintiff Davis was entitled to leave under the FMLA.

12

51. Plaintiff Davis provided sufficient notice of his intent to take FMLA leave.

52. The City denied Plaintiff his benefits under the FMLA to which he was entitled and subjected him to discipline for the lawful exercise of his FMLA leave.

## COUNT THREE

### *Retaliation – Meyers-Milias-Brown Act*
### *Cal. Gov't Code §§ 3502.1, 3502, 3506*

53. Plaintiffs re-allege each and every preceding paragraph as though set forth in full here.

54. Cal. Government Code section 3302 states, in part, that "no public safety officer shall be prohibited from engaging, or be coerced or required to engage, in political activity."

55. Government Code Section 3309.5 provides that where it finds that a public safety department has violated any of the provisions of the Public Safety Officers Procedural Bill of Rights Act (Gov't Code sections 3300 et seq.), to render appropriate injunctive or other extraordinary relief to remedy the violation and to prevent future violations of a like or similar nature including, but not limited to the granting of a temporary restraining order, preliminary or permanent injunction prohibiting the public safety department from taking any punitive action against the public safety officer.

56. Defendant City of Beaumont employs law enforcement personnel, including Plaintiffs, and is charged with the duty of acting in accordance with the requirements of state law, including Government Code section 3300 et seq.

57. Defendants maliciously violated Government Code sections 3300 et seq. with the intent to injure Plaintiffs in retaliation for their lawful exercise of his statutory and constitutional rights. Defendants are therefore liable for a civil penalty not to exceed twenty-five thousand dollars ($25,000) for each violation, for

LACKIE, DAMMEIER & MCGILL
A PROFESSIONAL CORPORATION

13

COMPLAINT

reasonable attorney's fees as may be determined by the court, as well as Plaintiff's actual damages, as provided in Government Code Section 3309.5. In engaging in the aforementioned activities, Plaintiffs engaged in activities protected by these statutes. As a direct result of the Plaintiffs' protected speech and activities, the Defendants took the aforementioned adverse actions against them. Absent said speech, Defendants would not have taken said actions.  In doing the things alleged herein, Defendants, and each of them, violated the rights of Plaintiffs as set forth herein.

58.    In doing the things alleged herein, Defendants acted with malicious intent to violate Plaintiffs' rights, or at least in conscious, reckless, and callous disregard of Plaintiffs' rights and to the injurious consequences likely to result from a violation of said rights. General and special damages are sought according to proof. Punitive damages are sought against the individual defendants, according to proof.

## COUNT FOUR

### *Retaliation – Meyers-Milias-Brown Act*
### *Cal. Gov't Code §§ 3502.1, 3502, 3506*

59.    Plaintiffs re-allege each and every preceding paragraph as though set forth in full here.

60.    California Government Code section 3502.1 states that "No public employee shall be subject to punitive action or denied promotion, or threatened with any such treatment, for the exercise of lawful action as an elected, appointed, or recognized representative of any employee bargaining unit."

61.    Government Code sections 3502 and 3506 prohibit public agencies from interfering with, or discriminating against, public employees because of their participation in the activities of employee organizations for the purpose of representation on all matters of employer-employee relations.

62.    In engaging in the aforementioned speech and associational activities,

14

LACKIE, DAMMEIER & McGILL
A PROFESSIONAL CORPORATION

Plaintiffs engaged in activities protected by these statutes. As a direct result of the Plaintiffs' statutorily-protected actions and speech, the Defendants took the aforementioned adverse actions against them. Absent said speech activities, Defendants would not have taken said actions. In doing the things alleged herein, Defendants, and each of them, violated the rights of Plaintiff as set forth herein.

**WHEREFORE,** Plaintiffs pray for:

1. General, compensatory, special, and liquidated damages according to proof;

2. Punitive damages against the individually named defendants only;

3. Injunctive relief ordering Defendants

   a) To immediately return Plaintiffs to the positions they would have been in had they not been subjected to the adverse employment actions;

   b) To expunge any negative personnel documents provided by Defendants relating to the adverse actions that are the subject of this action; and

   c) To take any and all necessary and reasonable steps to remove the stigma and negative perception of Plaintiffs;

4. Attorney's fees as permitted by law;

5. Costs of suit;

4. Interest as provided by law; and

5. Each other and further relief as the Court deems just and proper.

//

//

//

//

//

//

15

COMPLAINT

Dated:  June 7, 2012

LACKIE, DAMMEIER & MCGILL APC

Michael A. McGill, Esq.
Christopher L. Gaspard, Esq.
*Attorneys for Plaintiffs*,
SCOT DAVIS; BRIAN FORD;
JEREMY HARRIS

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury.

Dated:  June 7, 2012

LACKIE, DAMMEIER & MCGILL APC

Michael A. McGill, Esq.
Christopher L. Gaspard, Esq.
*Attorneys for Plaintiffs*,
SCOT DAVIS; BRIAN FORD;
JEREMY HARRIS

16

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Audrey B. Collins and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV12- 4990 ABC (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Christopher L. Gaspard, SBN 275763
jeremy@policeattorney.com
LACKIE, DAMMEIER & MCGILL, APC
367 North Second Avenue
Upland, CA 91786

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| SCOT DAVIS; BRIAN FORD; JEREMY HARRIS,<br><br>PLAINTIFF(S)<br>v. | CASE NUMBER<br><br>C V 12 - 0499 U ABL (SHx) |
|---|---|
| CITY OF BEAUMONT, a municipal corporation;<br>FRANK COE, individually and as Chief of Police of<br>the Beaumont Police Department,(See Attachment)<br><br>DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S): City of Beaumont, a municipal corporation; Frank Coe, individually and as Chief of
         Police of the Beaumont Police Department; (See Attachment)

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer
or motion must be served on the plaintiff's attorney, ___Christopher L. Gaspard_____, whose address is
Lackie, Dammeier & McGill, 367 North Second Avenue, Upland, CA 91786 _____. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint. You also must file
your answer or motion with the court.

JUN - 7 2012

Dated: _____

Clerk, U.S. District Court

By: _____

**JULIE PRADO**

Deputy Clerk

*(Seal of the Court)*   1154

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed
60 days by Rule 12(a)(3)].*

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Davis et al v. City of Beaumont, et al | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

GREG FAGAN, individually and as Commander of the Beaumont Police Department; and DOES 1 THROUGH 10 inclusive,

Defendants

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>SCOT DAVIS; BRIAN FORD; JEREMY HARRIS, | **DEFENDANTS**<br>CITY OF BEAUMONT, a municipal corporation; FRANK COE,<br>individually and as Chief of Police of the Beaumont Police Department;<br>(See Attached) |
|---|---|
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Christopher L. Gaspard, LACKIE, DAMMEIER & MCGILL<br>367 North Second Avenue, Upland, CA 91786 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

| | | **III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only<br>(Place an X in one box for plaintiff and one for defendant.) | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☑ 3 Federal Question (U.S. Government Not a Party) | | **PTF** | **DEF** | | **PTF** **DEF** |
| | | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 ☐ 5 |
| | | Citizen or Subject of a Foreign Country ☐ 3 | | ☐ 3 | Foreign Nation | ☐ 6 ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Section 1983

**VII. NATURE OF SUIT (Place an X in one box only.)**

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER<br>PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |

CV12-04990

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) SCOT DAVIS; BRIAN FORD; JEREMY HARRIS, | **DEFENDANTS** CITY OF BEAUMONT, a municipal corporation; FRANK COE, individually and as Chief of Police of the Beaumont Police Department; (See Attached) |
|---|---|
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Christopher L. Gaspard, LACKIE, DAMMEIER & MCGILL 367 North Second Avenue, Upland, CA 91786 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Section 1983

**VII. NATURE OF SUIT (Place an X in one box only.)**

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☑ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date _6/7/12_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

| SHORT TITLE:<br>Davis, et al v. City of Beaumont, et al | CASE NUMBER: |
|---|---|

1

2    Attachment to CIVIL COVER SHEET

3    Additional Defendants:

4    GREG FAGAN, individually and as Commander of the Beaumont Police Department; and DOES 1
5    THROUGH 10 inclusive,

6                                    Defendants.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27    This page may be used with any Judicial Council form or any other paper filed with the court.                    **Page** ___2___