ORIGINAL

1 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
ARTHUR K. CUNNINGHAM, SB# 97506
2 |   E-Mail: akcatty@lbbslaw.com
STEPHANIE J. TANADA, SB# 257769
3 |   E-Mail: tanada@lbbslaw.com
650 East Hospitality Lane, Suite 600
4 | San Bernardino, California 92408
Telephone: 909.387.1130
5 | Facsimile: 909.387.1138

6 | Attorneys for Defendants
CITY OF BEAUMONT; FRANK COE;
7 | GREG FAGAN

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10 |

| | |
|---|---|
| 11 SCOT DAVIS, BRIAN FORD and JEREMY HARRIS, | CASE NO.  CV 12-04990 ABC (SHx) |
| 12 | **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT** |
| Plaintiffs, | |
| 13 | |
| vs. | Trial Date:     None Set |
| 14 | |
| CITY OF BEAUMONT, | |
| 15 et al., | |
| 16 Defendants. | |
| 17 | |

18 | TO ALL PLAINTIFFS HEREIN THROUGH THEIR ATTORNEYS OF RECORD

19 | AND THIS HONORABLE COURT:

20 | PLEASE TAKE NOTICE that on August 27, 2012, at 10:00 am. in

21 | Courtroom 680 located at the United States District Court, 255 East Temple Street,

22 | Los Angeles, California, defendants, CITY OF BEAUMONT, FRANK COE and

23 | GREG FAGAN, and each of them, shall move the court for the dismissal of certain

24 | portions of the complaint as against certain defendants, as further set forth below.

25 | / / /

26 | / / /

27 | / / /

28 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

1    This Motion is brought pursuant to Fed. Rule of Civ. Proc. 12(b)(6) and is

2  supported by this Notice, the Motion appended below, and the Memorandum of

3  Points and Authorities submitted herewith, the Court's own file, and such other and

4  further evidence and argument as the Court may deem fit to consider.

5  DATED: July 20, 2012                    LEWIS BRISBOIS BISGAARD & SMITH LLP

6

7

8                                     By: _____

9                                          Arthur K. Cunningham
                                           Attorneys for Defendants, CITY OF
10                                         BEAUMONT; FRANK COE; GREG
                                           FAGAN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-2530-2032.1

2

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

| | |
|---|---|
| Motion to Dismiss | 3 |
| Memorandum of Points and Authorities | 4 |
| Summary of Argument | 4 |
| 1. Claims for Relief | 4 |
| 2. Allegations of Complaint | 4 |
| A. Davis | 6 |
| B. Ford | 7 |
| C. Harris | 8 |
| 3. Fed.R.Civ.P. 12(b)(6) Provides the Court With The Authority to Dismiss Center Claims Against Defendants | 8 |
| 4. Retaliation Claim | 9 |
| 5. Claim No. 2 – Davis' FMLA Claim | 11 |
| 6. Claim No. 3 – State Law Retaliation Claim | 12 |
| 7. Claim No. 4 – Claim Under Mevers-Milias-Brown Act | 13 |
| 8. Request for Injunctive Relief | 14 |
| 9. Futility of Amendment | 14 |
| Conclusion | 14 |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4833-0148-7376.1

1

## TABLE OF AUTHORITIES

2 **Authorities**

3 Ashcroft vs Iqbal

4     556 U.S. 662, 681 (2009)           9

5 Balistreri vs Pacifica Police Dep't

6     901 F.2d 696, 699 (9th Cir. 1990)     8

7 Bell Atl. Corp. vs Twombly

8     550 U.S. 554, 570 (2007)        9, 10

9 Brooks vs Univ. of Wis. Bd. of Regents

10     406 F.3d 476, 480 (7th Cir. 2005)     10

11 Conley vs Gibson

12     355 U.S. 41, 45-46 (1957)       8

13 Darby vs Bratch

14     287 F.3d 673, 681 (8th Cir. 2002)     12

15 Deroschers vs City of San Bernardino

16     572 F.3d 703, 711 (9th Cir. 2009)     9

17 Eng vs Cooley

18     552 F.3d 1062, 1070          9

19 Erickson vs Pierce County

20     960 F.2d 801, 803 (9th Cir. 1992)     11

21 Gardetto vs Mason

22     100 F.3d 803, 814 (10th Cir. 1996)    10

23 Gustafson vs Poitra

24     (2009, DC ND) 626 F.Supp.2d 1008    14

25 Heuer vs City of San Francisco

26     2011 U.S. Dist. LEXIS 131204 (N.D. Cal. 2011)    13

27 Kennedy vs Tangipahoa Parish Library Bd. of Control

28     224 F.3d 359, 374 (5th Cir. 2000)     10

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Mitchell vs Chapman
2       343 F.3d 811, 825-833 (6th Cir. 2003)                    12
3  Moore vs City of Costa Mesa
4       886 f.2d 260, 262 (9th Cir. 1989)                         8
5  Taylor vs Carmouche
6       214 F.3d 788, 789 (7th Cir. 2000)                        10
7  Wascura vs Carver
8       169 F.3d 683, 685-87 (11th Cir. 1999)                    12
9  **Statutes**
10 Fed. Rule of Civ. Proc.
11      Section 12(b)(6)                                          2
12 Gov. Code
13      Section 3302                                             12
14 Gov. Code
15      Sections 3502                                            13
16 Gov. Code
17      Sections 3502.1                                          13
18 Gov. Code
19      Section 3506                                          13, 14
20 29 USC
21      Section 2615                                             11
22
23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## MOTION TO DISMISS

Defendants move to dismiss any and all of the following claims for relief as to each plaintiff on the ground that they do not state a claim upon which relief may be granted as against the defendant(s), and each of them, pursuant to FRCP 12(b)(6):

On behalf of defendant, Greg Fagan, as to all plaintiffs:

1.    Claim # 1, 42 USC Sec. 1983

2.    Claim # 2, FMLA retaliation

3.    Claim # 3, State law retaliation

4.    Claim # 4, [Gov. Code Secs. 3502, 3506]

On behalf of defendant, Frank Coe, as to all plaintiffs:

1.    Claim # 1, 42 USC Sec. 1983

2.    Claim # 2, FMLA retaliation

3.    Claim # 3, State law retaliation

4.    Claim # 4, [Gov. Code Secs. 3502, 3506]

On behalf of defendant, City of Beaumont, as to all plaintiffs:

1.    Claim # 1, 42 USC Sec. 1983

2.    Claim # 2, FMLA retaliation

3.    Claim # 3, State law retaliation

4.    Claim # 4, [Gov. Code Secs. 3502, 3506]

DATED: July 20, 2012                LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Arthur K. Cunningham
Attorneys for Defendants, CITY OF
BEAUMONT; FRANK COE; GREG
FAGAN

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

3

## MEMORANDUM OF POINTS AND AUTHORITIES

### SUMMARY OF ARGUMENT

Defendants demonstrate below that plaintiffs (1) did not engage in protected First Amendment activity; (2) do not allege a claim for retaliation; (3) do not allege proper claims against the individual defendants; (4) do not allege claims of violation of their right to engage in political activity; and (5) do not allege retaliation or discrimination based on a position as an officer in a collective bargaining unit.

The complaint does not allege any valid claims against any defendant herein under any theory set for therein; and defendants demonstrate that amendment would be futile.

## 1.   CLAIMS FOR RELIEF

1.   "42 USC 1983" [retaliation for speech-related activities]

2.   FMLA interference/retaliation [¶ 29 USC Sec. 2615]

3.   State-Law Retaliation [Gov. Code Secs. 3302, 3309.5, 3502, 3502.1, 3506 retaliation for conducting "political activity"]

4.   State Law Retaliation [Gov. Code Secs 3502, 3506 - retaliated against as officer of bargaining unit]

## 2.   ALLEGATIONS OF COMPLAINT

The complaint alleges as follows (where appropriate, either to demonstrate the absence of elements of proof, or for purposes of showing the futility of amendment, defendants offer parenthetical comments, below):

The City of Beaumont delegated its policy-making authority to Coe and Fagan and adopted and ratified actions of them as its own policies [¶¶ 3-5] . Plaintiffs are police officers entitled to the benefits of the POBR [¶ 6].

"BPOA" is the bargaining unit for police officers with the City of Beaumont [¶ 11].

Davis was hired in October 2007 as a corporal. He was competent and received numerous commendations, etc. [¶ 12]. Ford was hired in March 2008 as a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4

1  police officer and received "numerous promotions and commendations" [¶ 13].

2  Harris was hired as a corporal in January 2009, and received commendations, etc. [¶

3  15].

4         In April 2011, BPOA voted to conduct an evaluation of Coe; Davis and Ford

5  "spoke out" at the meeting and supported the evaluation [¶ 15]. On April 20, 2011,

6  BPOA sent a letter to City Manager Kapanicas, criticizing Coe's performance. No

7  specifics as to those criticisms are set forth in the Complaint. Some of the statements

8  in the letter were made by Harris and Davis [¶ 16].

9         On information and belief, Coe was furious about the letter and initiated a

10  campaign to retaliate and discriminate. He attempted to "compel" the Association to

11  identify the complainants [who were anonymous in the letter]. On information and

12  belief, Coe was aware the plaintiffs had taken an active role in the letter [¶ 17].

13        In March 2011 (prior to the letter), vacancies for sergeant positions were

14  announced. Davis and two other BPOA members applied. Coe then announced he

15  would open the process to lateral applicants [¶ 18].

16        After BPOA objected, Coe left the positions vacant, and told "Association

17  members" (i.e., officers in the Department) that the positions were no longer open. It

18  was later discovered that Coe had "offered" both positions to outside applicants

19  prior to opening the positions to outside applicants. Coe made several changes to the

20  application process [¶ 19]. (It is not alleged that any outside applicants were, in fact,

21  hired.)

22        The actions were "unlawful" and "pretext." Corporals are now being sent to

23  leadership training and a policy was instituted to have corporals fill in for sergeants

24  when no sergeants are available. "This is simply a demotion by another name." [¶

25  20] (Note: While the complaint uses the term "demotion," there is no factual

26  allegation that anyone was demoted. The complaint also does not allege that anyone

27  was promoted to the sergeant's positions instead of plaintiffs, and thus does not

28  allege any discriminatory or retaliatory conduct. Further, the Complaint does not

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-2530-2032.1                                   5
                    NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1  and cannot allege that these plaintiffs were entitled by experience, education or

2  performance in the testing process to these positions. Should the matter proceed

3  beyond the pleading stage, the court will learn that when the sergeants' positions

4  were eventually filled, one of those promoted was the head of the BPOA.)

5      Immediately after their "Associational speech" the plaintiffs were subjected to

6  "increasingly harsh discipline". After the letter to the City Manager, Coe "instituted

7  what he called a zero tolerance policy for discipline" [¶ 21].

8  **A.   DAVIS**

9      In January 2011, Davis was assigned to investigate a shooting. Fagan

10  instructed him to arrest and book a witness for lying; however, Davis believed the

11  witness. Fagan "became angry and "threatened Davis' employment" and Coe later

12  defended Fagan's actions [¶ 23]. (This is the only allegation of any alleged conduct

13  by Fagan in the complaint, and it does not allege any *adverse action* by Fagan

14  (discipline, demotion, termination, etc.; and there is no allegation in the Complaint

15  against Fagan by the other two plaintiffs, at all.)

16      In April after the vote Coe called Davis into his office and in a three hour

17  conversation told Davis he would never be a sergeant at BPD. He told Davis he did

18  not care about Davis' critique of him, and he could "put it in the newspaper for all

19  he cared" [¶ 24]. (The complaint does not allege *why* Coe made the alleged

20  statement; and the allegation "put it in the newspaper" does not support an inference

21  that Coe was concerned about the letter's contents.)

22      The same day, Comdr. Beard called Davis into his office and covered a

23  similar subject matter. Beard told Davis that he was a rogue employee and

24  responsible for the morale issues in the Department. He said Davis would not be

25  promoted since to do so would reward bad behavior [¶ 25].

26      Davis was subpoenaed to appear at a preliminary hearing on a criminal case

27  on June 6, 2011 [¶ 26]. He told the subpoena clerk to ask that the DA postpone the

28  hearing since he intended to be on FMLA leave. The clerk erroneously failed to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-2530-2032.1

6

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1  notify the DA's office until June 16 [¶ 27].

2      On June 17, Sgt. Keyser called Davis and ordered him to go to the hearing in

3  Murrieta although he was on FMLA leave. He went to court but was not called as a

4  witness [¶ 28].

5      Davis was "notified" on July 13 that he was being demoted and suspended for

6  (40) hours for failing to arrive on time to court while on FMLA leave. No other

7  officer had been disciplined for such behavior and others who missed court entirely

8  were given a written reprimand only [¶ 30]. (Although the Complaint alleges that he

9  was "notified" of discipline, the Complaint does not allege that such discipline was,

10  in fact, imposed. No discipline was, in fact, imposed.)

11     On August 25, 2011, Davis had surgery for a shoulder injury [¶ 31]. He

12  returned to work on October 24 on light duty. He was "performing duties normally

13  assigned to civilians" in contravention to Lt. Shuler's memo of September 7, 2010.

14  He was singled out for this treatment. He was required to wear a necktie although it

15  aggravated his injury, without explanation [¶ 32].

16  **B.    FORD**

17     Ford conducted a traffic stop on August 15, 2011 (i.e., four months post-

18  meeting/letter). The citizen complained; a sergeant spoke to the complainant. The

19  sergeant "mishandled the investigation" and Ford was disciplined for discourtesy to

20  the sergeant [¶ 34]. Ford was given notice of a 30 day suspension and was

21  "subsequently discipline[d]". [¶ 35]. No other officer has been disciplined so harshly

22  for similar offenses [¶ 36]. (Although the Complaint alleges that he was "notified"

23  of discipline, the Complaint does not allege that such harsh discipline was, in fact,

24  imposed. The nature of the discipline is not alleged; nor is the fact that the

25  disciplinary matter was the subject of a settlement between the City and Ford.)

26  / / /

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-2530-2032.1                                     7
_____
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

C.   <u>HARRIS</u>

Harris had not been a discipline problem. On July 5, 2011, Harris' wife dropped him off and illegal window tint was noted (the Complaint indicates that this was true) [¶ 38]. On July 13, 2011, Harris was "given notice" that he was being demoted and suspended for 40 hours for "failing to remove the window tint on his wife's vehicle" [¶ 40]. No other officer has ever been disciplined so harshly for failing to correct a minor Vehicle Code equipment violation on "their spouse's vehicle". This was retaliatory. [¶ 40]. (Although the Complaint alleges that he was "<u>notified</u>" of discipline, the Complaint does not allege that such harsh discipline was, in fact, imposed. The nature of the discipline actually imposed is not alleged; nor is the fact that the disciplinary matter was the subject of a settlement between the City and Harris.)

The defendants retaliated against the plaintiffs for failing to promote them to sergeant and retaliated against them for their activities as "President and Vice-President of the Baldwin Park (sic) POA" [¶ 42]. (There is no allegation in the complaint that any plaintiff was an executive officer in the <u>Beaumont</u> Peace Officers Association.)

3.   <u>FED. R. CIV. P. 12(b) (6) PROVIDES THE COURT WITH THE AUTHORITY TO DISMISS CERTAIN CLAIMS AGAINST DEFENDANTS</u>

A motion to dismiss tests the sufficiency of the complaint. A complaint may be dismissed for failure to state a claim based on the lack of a cognizable legal theory or the absence of facts alleged under such a theory. <u>Balistreri vs Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). Dismissal is proper where "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley vs Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Moore vs City of Costa Mesa</u>, 886 F.2d 260, 262 (9th Cir. 1989).

A complaint need not plead detailed factual allegations, but the complaint must contain enough facts to establish a plausible entitlement to relief that is more

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-2530-2032.1

8

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1  than merely speculative. <u>Ashcroft vs Iqbal</u>, 556 U.S. 662, 681 (2009). A pleading

2  will be rejected if it offers labels, conclusions, or a formulaic recitation of the

3  elements of a claim for relief. <u>Id</u>. Plaintiffs must "nudge" their claims across the line

4  from conceivable to plausible. <u>Bell Atl. Corp. vs Twombly</u>, 550 U.S. 544, 570

5  (2007).

6  **4.     RETALIATION CLAIM**

7         A retaliation claim requires, at a minimum, a protected First Amendment

8  exercise by plaintiffs, adverse action against the plaintiffs, and a causal connection

9  between the two. <u>Eng v Cooley</u>, 552 F.3d 1062, 1070.

10        The Complaint does not allege a First Amendment claim in any event under

11 <u>Deroschers v City of San Bernardino</u>, 572 F.3d 703, 711 (9th Cir. 2009). In

12 <u>Deroschers</u>, City police officers registered complaints about the management

13 practices of a police lieutenant and described him as a micro-manager and a bully.

14 The Court held that the alleged First Amendment activities of the plaintiffs were

15 grievances "amount[ing] to a laundry list of reasons why [plaintiffs] found working

16 for [their supervisor] to be an unpleasant experience. In short, they thought their

17 boss was a bully and said so." (<i>Id</i>. At 713-14).

18        As <u>Deroschers</u> points out,

19            "[W]hen working for the government, saying one's boss is a bully does

20            not necessarily a constitutional case make. "[T]he content of the

21            communication must be of broader societal concern. [Our] focus must

22            be upon whether the public or community is likely to be truly interested

23            in the particular expression, or whether it is more properly viewed as

24            essentially a private grievance." On the facts of this case, we cannot say

25            that the public would be truly interested that two police sergeants

26            believed their supervisor was a "micro-manager," "autocratic" and

27            "controlling," or even that he dressed them down in front of their

28            colleagues and neighboring police forces. Such speech, "if released to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-2530-2032.1

9

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1    the public, would convey no information at all other than the fact that

2    [two] employee[s were] upset with the status quo," [], and is of no

3    relevance "beyond the employee[s'] bureaucratic niche," [].  On

4    numerous occasions, our sister circuits have suggested that complaints

5    of this nature would not trigger constitutional protection. See Taylor v.

6    Carmouche, 214 F.3d 788, 789, 792 (7th Cir. 2000) (explaining that

7    speech "concern[ing] supervisory management styles" would be

8    unprotected); Kennedy v. Tangipahoa Parish Library Bd. of Control,

9    224 F.3d 359, 374 (5th Cir. 2000) (noting that "criticiz[ing] the

10   management style or job performance of [a] direct superior" would cut

11   against a public concern finding), *abrogated on other grounds by* Bell

12   Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d

13   929 (2007); Gardetto v. Mason, 100 F.3d 803, 814 (10th Cir. 1996)

14   ("Management practices or decisions allocating management

15   responsibility to particular individuals also do not involve matters of

16   public concern."); see also Brooks v. Univ. of Wis. Bd. of Regents, 406

17   F.3d 476, 480 (7th Cir. 2005) (describing "infighting" and decisions

18   which "undermine" an individual's "control of a department" as "a

19   classic personnel struggle").  Indeed, to hold otherwise here would be

20   to create the potential for litigation in every workplace gripe exchanged

21   around the water cooler." (*Id.* at 713-714, footnotes and citations

22   omitted).

23   Just so here. The Complaint does not allege First Amendment activity beyond

24   registering complaints about the workplace, and as Deroschers noted, turning every

25   internal complaint in public employment into a constitutional issue is unnecessary

26   and unwise.

27   Further, even were the plaintiffs to have engaged in protected activity, no

28   *prima facie* case of retaliation has been made.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-2530-2032.1

10

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1   ***Lack of Temporal Nexus.*** For example, in <u>Erickson v Pierce County</u>, 960
2   F.2d 801, 803 (9th Cir. 1992) the 9th Circuit affirmed the trial court's judgment
3   notwithstanding the verdict in plaintiff's favor; finding no retaliation where there
4   was a three month gap between the alleged first amendment exercise and an adverse
5   action. Here the allegedly retaliatory "notification" of discipline occurred several
6   months after the April letter.

7   ***Lack of Adverse Action.*** No adverse action by Commander Fagan is alleged
8   at all (he is alleged to have become angry at Davis, only, and in January 2011 (the
9   letter was in April 2011). As to Chief Coe, there are allegations of "notice" of harsh
10  discipline, but no allegations that such discipline was, indeed, imposed or that the
11  discipline *actually* imposed, if any, was out of line with similar violations of
12  departmental policy.

13  ***Lack of Retaliatory Animus.*** There is no allegation that Commander Fagan
14  knew of the letter or developed a retaliatory mindset because of it. The allegation
15  "on information and belief" that Coe was angry about the letter is directly
16  contradicted by the allegations of the complaint itself, wherein it is alleged directly
17  that Chief Coe told Davis that he did not care about Davis' critique of him, and
18  Davis could "put it in the newspaper for all he cared" [¶ 24].

19  The failure to promote component of the claim dies because no allegation is
20  made that the three plaintiffs were qualified for the position of sergeant by
21  experience, education or test scores.

22  **5.    <u>Claim No. 2 - Davis' FMLA Claim</u>**

23  This claim is made solely by plaintiff Davis.

24  The individual defendants are not liable as a matter of law. Only the employer
25  is liable for claims arising under FMLA ("It shall be unlawful for *any employer* to
26  interfere with, restrain, or deny the exercise of or the attempt to exercise, any right
27  provided under this title" (29 USC Sec. 2615, emphasis added).

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-2530-2032.1                                           11
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1       There is a split of authority as to whether public employees qualify as

2   "employer[s]" and hence may be held individually liable under the FMLA. The Fifth

3   and Eighth Circuits have held that public employees may be sued in their individual

4   capacities under the FMLA if, for example, they exercise hiring and firing authority.

5   See Modica v. Taylor, 465 F.3d 174, 184-87 (5th Cir. 2006); Darby v. Bratch, 287

6   F.3d 673, 681 (8th Cir. 2002). The Sixth and the Eleventh Circuits have reached the

7   opposite conclusion. See Mitchell v. Chapman, 343 F.3d 811, 825-33 (6th Cir.

8   2003); Wascura v. Carver, 169 F.3d 683, 685-87 (11th Cir. 1999).

9       Even those few Circuits who have held that individuals can be liable limit

10   liability to those who have the authority to hire and fire. As the plaintiffs are police

11   officers with civil service protections und the Peace Officers Bill of Rights,

12   individual employees do not have the authority, in themselves, to hire or fire, and

13   Cmdr. Fagan, who is by definition not the Chief of the Department, clearly does not

14   have such authority.

15       Since the City is a proper defendant as to FMLA claims, adding the

16   individuals is not necessary to ensure that a plaintiff can, in a meritorious FMLA

17   case, obtain damages. Defendants submit that under the circumstances, the FMLA

18   claims against the individuals should be dismissed.

19       Further, plaintiff Davis makes no claim that he suffered injury or damage as a

20   result of having to appear in response to a subpoena (which was issued by a separate

21   agency, the District Attorney, see ¶s 26-27). He does not allege that he was *actually*

22   *disciplined* for failing to respond to the subpoena.

23       On these grounds, the claim of Davis under FMLA is untenable and must be

24   dismissed.

25   **6.**   **Claim No. 3 - State Law Retaliation Claim**

26       Plaintiff's claim is explicitly based on Gov. Code Sec. 3302, which provides

27   that peace officers may not be coerced into engaging in, or prohibited from engaging

28   in, political activity [Complaint, ¶ 54]. Nothing in the Complaint refers to any

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  political activity by a plaintiff herein (*cf.* Heuer v. City of San Francisco, 2011 U.S.

2  Dist. LEXIS 131204 (N.D. Cal. 2011), wherein Plaintiff alleged (ultimately

3  unsuccessfully) that the Sheriff did not promote him to Lieutenant "because of

4  [plaintiff's] political activities in *openly and actively supporting Defendant*

5  *Hennessey's competitor in the race for San Francisco Sheriff*." No such political

6  activity is alleged in this Complaint.)

7        As noted above, no actionable adverse action is alleged by any plaintiff upon

8  which a claim under this section could be based.

9        Further, since the claim is brought under the Peace Officers' Bill of Rights,

10  the only proper defendant would be the public employer, not individual co-

11  employees such as Cdr. Fagan or the Chief (see, *e.g.*, Gov. Code Secs. 3502

12  (describing employee-employer relations); 3502.1 (which refers to actions only an

13  employer can take); 3506 (restraining the actions of "[¶ p]ublic agencies and

14  employee organizations").

15        Even if the claims arising under Sec. 3302 were facially valid, the only proper

16  defendant would be the City and the individual defendants must be dismissed.

17  **7.    Claim No. 4 - Claim under Meyers-Milias-Brown Act**

18        A claim under Gov. Code Sec. 3502.1 arises when a public employee is

19  subjected to punitive action or denied promotion because of their status as an

20  "elected, appointed or recognized representative of any employee bargaining unit."

21  The complaint does not allege that any of the plaintiffs were in such positions with

22  the City's police officers' bargaining unit.

23        As noted above, no actionable adverse action is alleged by any plaintiff upon

24  which a claim under this section could be based.

25        Further, since the claim is brought under the Peace Officers' Bill of Rights,

26  the only proper defendant would be the public employer, not individual co-

27  employees such as Cdr. Fagan or the Chief (see, *e.g.*, Gov. Code Secs. 3502

28  (describing employee-employer relations); 3502.1 (which refers to actions only an

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-2530-2032.1                                                13
                    NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1  employer can take); 3506 (restraining the actions of "[¶ p]ublic agencies and

2  employee organizations").

3  **8.    Request for Injunctive Relief**

4      As to the requests for injunctive relief, there is no allegation that there are

5  ongoing disciplinary matters to be restrained (as noted, there is no actual allegation

6  that improper discipline has been *imposed* on any plaintiff or that discipline

7  proceedings are pending against any of them) or an open promotions process in

8  which to intervene, and therefore, the case-or-controversy requirement for

9  jurisdiction under 28 USC Sec. 2201 is absent (see, *e.g.*, <u>Gustafson v Poitra</u> (2009,

10  DC ND) 626 F.Supp.2d 1008).

11  **9.    Futility of Amendment**

12      Defendants contend that amendment would be futile. Of the disciplinary

13  matters alleged in the complaint, no discipline was imposed as to Davis, and the

14  discipline imposed on Harris and Ford was the subject of a written settlement

15  agreement.

16      As to the claim of discriminatory failure to promote, the then-President of the

17  BPOA was promoted to sergeant as part of the process about which the plaintiffs

18  complain. None of the plaintiffs qualified for promotion.

19      There is no basis for a claim for relief as against the defendants on the part of

20  any plaintiff herein.

21                              **CONCLUSION**

22      The plaintiffs' allegations do not set forth a claim for retaliation under the

23  First Amendment or any provision of state law.

24      The plaintiff's allegations do not state a claim of any kind against Cdr. Fagan.

25      The plaintiff's allegations do not state a claim against Chief Coe under state

26  or federal law.

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    Upon the grounds set forth in this motion, the defendants request that the

2 Complaint be dismissed in its entirety, or, in the alternative, that the individual

3 defendants be dismissed from the various plaintiffs' claims.

4 DATED: July 20, 2012                    LEWIS BRISBOIS BISGAARD & SMITH LLP

5

6

7                                         By: _____

8                                              Arthur K. Cunningham
                                               Attorneys for Defendants, CITY OF
9                                              BEAUMONT; FRANK COE; GREG
                                               FAGAN
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# FEDERAL COURT PROOF OF SERVICE

Davis, et al. v City of Beaumont, et al. - File No. 25401.tba

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 650 East Hospitality Lane, Suite 600, San Bernardino, CA 92408. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 20, 2012, I served the following document(s): NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Michael A. McGill, Esquire
Christopher A. Gaspard
LACKIE DAMMIER & McGILL
APC
367 North Second Avenue
Upland, California 91786
(909) 985-4003
(909) 985-3299 (fax)
Michael A. McGill
mcgill@policeattorney.com
chris@policeattorney.com

The documents were served by the following means:

☐ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the State of CALIFORNIA that the foregoing is true and correct.

Executed on July 20, 2012, at San Bernardino, California.

_____
SHARON DENISE MOORE

4828-2530-2032.1

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT