LEWIS BRISBOIS BISGAARD & SMITH LLP
ARTHUR K. CUNNINGHAM, SB# 97506
  E-Mail: akcatty@lbbslaw.com
650 East Hospitality Lane, Suite 600
San Bernardino, California 92408
Telephone: 909.387.1130
Facsimile: 909.387.1138

Attorneys for Defendants
CITY OF BEAUMONT, FRANK COE
and GREG FAGAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SCOT DAVIS, et al., | CASE NO. CV 12-04990 ABC (SHx) |
| Plaintiffs, | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| vs. | |
| CITY OF BEAUMONT, et al., | Trial Date:   None Set |
| Defendants. | |

Plaintiffs SCOT DAVIS, BRIAN FORD, JEREMY HARRIS, and Defendants CITY OF BEAUMONT, FRANK COE and GREG FAGAN jointly submit this stipulated protective order.

1.

**CASE SUMMARY**

This case involves allegations by Beaumont police officers of:

1. "42 USC 1983" [retaliation for speech-related activities]

2. FMLA interference/retaliation [29 USC Sec. 2615]

3. State-Law Retaliation [Gov. Code Secs. 3302, 3309.5, 3502, 3502.1, 3506 – retaliation for conducting "political activity"]

4. State Law Retaliation [Gov. Code Secs 3502, 3506 - retaliated against as officer of bargaining unit]

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4811-4238-3889.1

[PROPOSED] STIPULATED PROTECTIVE ORDER

During discovery, it is anticipated that Plaintiffs or defendants will request access to documents which both parties contend submit are privileged, confidential and/or proprietary, including portions of the plaintiffs' personnel files, internal affairs investigations concerning Plaintiffs, and internal affairs information and investigative material concerning this case. It is also anticipated that the parties will delve into these topics during the depositions of Scot Davis, Brian Ford Jeremy Harris, Frank Coe and Greg Fagan and other City or Police Department employees.

2.

**SEEKING INFORMATION DEEMED**
**CONFIDENTIAL BY DEFENDANTS**

It is anticipated that some of the following documents will be addressed in discovery proceedings and motions and trial in this action:

Internal Affair files, reports, findings and interviews involving Scot Davis, Brian Ford and Jeremy Harris;

Portions of plaintiffs' personnel files; and

Policies and Procedures of the Beaumont Police Department.

It is anticipated that counsel will formulate questions with respect to these documents and information during depositions.

3.

**GOOD CAUSE STATEMENT**

The parties agree that a Protective Order governing these documents will serve to balance the officers' rights of privacy with the plaintiffs' right to discovery in this litigation. Defendants submit that good cause exists to issue a protective order in this case because Plaintiff will be seeking confidential information maintained by the City of Beaumont Police Department, i.e., personnel records, investigative files, training and education records, evaluations, dispatch tapes.

Defendants contend that these items are confidential or subject to the official information privilege as discussed above; the personnel files contain information which is not a matter of public record pursuant to statute. *See generally, Miller v. Pancucci*, 141 F.R.D. 292 (C.D.Cal. 1992) [discussing official information privilege]; *Soto v. City of Concord*, 162 F.R.D. 603 (N.D.Cal. 1995) [noting privacy interest in personnel files]; *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-1034 (9th Cir. 1991) [ police personnel files are confidential].

4.

## STIPULATIONS

In order to allow discovery of the information and documents the parties will be seeking while protecting all parties' interests, the parties stipulate as follows:

1. Counsel for a party who produces information and documents which are confidential and/or proprietary may so designate the information and documents at the time of production. The copies of any records disclosed to counsel for parties pursuant to this Protective Order may be distinctively marked, provided that such marking does not obscure or obliterate the content of any record, and may be stamped with substantially the following language: "CONFIDENTIAL – UNLAWFUL TO DUPLICATE." Thereafter, counsel for the other parties to this lawsuit shall not convey, transfer, publish, distribute, copy, duplicate or disseminate the information or documents so provided except as may be reasonably necessary for the prosecution of this litigation *only*, by communicating with the parties, or investigators, consultants and experts retained on behalf of the parties in this matter.

2. The parties and counsel shall not use such documents for any purpose other than to prepare for or to try this case only.

3. Prior to the dissemination of any such information or documents pursuant to this Protective Order (except for the Court and Court personnel), counsel shall inform such person of the terms and conditions of this Protective Order and secure such person's written agreement to be bound by it.

4. Counsel for each party shall take reasonable precaution to prevent the unauthorized or inadvertent disclosure of any of the protected information or documents.

5. If any information or document provided pursuant to this Protective Order is used in any motion filed with the Court, the party intending to use such information or document shall file an application to have it filed under seal pursuant to *Local Rule* 79-5, including filing a public redacted version of the document concurrently.

6. Parties may assert that particular documents designated as confidential are in fact, public knowledge or otherwise not subject to protection hereunder. Such assertion, if made, shall be discussed between counsel for the parties and if agreement cannot be reached, the matter will be submitted to the Court for resolution in a motion pursuant to *Local Rule* 37, and until resolved by the Court shall remain protected as confidential information hereunder. The burden of demonstrating that documents should be protected by this Order shall remain at all times on the designating party.

7. All documents subject to this Protective Order that are submitted to the Court or used in any pretrial proceeding before this Court shall remain confidential and the party submitting such information shall file an application to have it filed under seal pursuant to *Local Rule* 79-5, including filing a public redacted version of the document concurrently.

8. The inadvertent or unintentional disclosure of confidential documents/information by the disclosing party shall not be construed to be a waiver, in whole or in part of the disclosing party's claims of confidentiality either as to the specific documents or as to any other information relating thereto.

9. In the event anyone shall violate or threaten to violate any terms of this Protective Order, the aggrieved party may apply to obtain injunctive relief and monetary sanctions against any such person violating or threatening to violate any of the terms of this Protective Order. This Court shall have the power to impose whatever penalties it deems appropriate for the violation of said Order, including, but not limited to, monetary and judicial sanctions and contempt. Any court with proper jurisdiction (which does not include U.S. Magistrate Judges) may issue injunctive relief.

10. The provisions of this Protective Order shall survive and remain in full force and effect after the Entry of Final Judgment (including any appellate proceedings) in this case, whether by settlement or litigation.

11. Upon final conclusion of the present litigation, all copies of all documents disclosed subject to this Protective Order shall be returned to counsel for the party who provided them. If

documents are filed with the Court pursuant to *Local Rule* 79-5, said documents shall be disposed of as provided in *Local Rule* 79-5.

12. The agreement of the parties embodied in this Protective Order does not constitute an admission or agreement that any documents or information is subject to discovery, or is admissible as evidence, in this case. Designation of any information as subject to this Protective Order shall have no meaning or effect whatsoever with respect to the substantive issues in this proceeding or the claims or defenses of any party hereto.

13. This Court retains jurisdiction to construe, enforce and amend the provisions of this Order. This Order may not be modified absent further action by the Court.

14. The treatment of confidential information to be introduced at trial shall be the subject of a later order.

1 | DATED: April 25, 2013

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Arthur K. Cunningham
Attorneys for Defendants CITY OF
BEAUMONT, FRANK COE and GREG
FAGAN

LACKIE DAMMIER & McGILL, APC

DATED: April 24, 2013

By: _____
Brandi L. Harper, Attorneys for Plaintiffs,
SCOT DAVIS, BRIAN FORD and
JEREMY HARRIS

IT IS SO ORDERED.

DATED: 4/29, 2013

_____

# FEDERAL COURT PROOF OF SERVICE

DAVIS vs CITY OF BEAUMONT, et al. - File No. 25401.12

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 650 East Hospitality Lane, Suite 600, San Bernardino, CA 92408. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On April 26, 2013, I served the following document(s): [PROPOSED] STIPULATED PROTECTIVE ORDER

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Michael A. McGill
LACKIE DAMMIER & McGILL APC
367 North Second Street
Upland, California 91786
909-985-4003
909-985-3299 (facsimile)
**Attorneys for Plaintiffs**
**SCOT DAVIS, JEREMY HARRIS and BRIAN FORD**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the State of CALIFORNIA that the foregoing is true and correct.

Executed on April 26, 2013, at San Bernardino, California.

SHARON DENISE MOORE