ORIGINAL

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   ARTHUR K. CUNNINGHAM, SB# 97506
2     E-Mail: akcatty@lbbslaw.com
   650 East Hospitality Lane, Suite 600
3  San Bernardino, California 92408
   Telephone: 909.387.1130
4  Facsimile: 909.387.1138

5  Attorneys for Defendants
   CITY OF BEAUMONT and GREG
6  FAGAN

7

8               UNITED STATES DISTRICT COURT

9         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 | SCOT DAVIS, et al.,            | CASE NO. CV 12-04990 ABC (SHx)
12 |        Plaintiffs,             | **DECLARATION OF FRANK COE IN SUPPPORT OF DEFENDANT CITY'S PARTIAL MOTION FOR SUMMARY JUDGMENT**
13 |   vs.                          |
14 | CITY OF BEAUMONT, et al.,      | Trial Date:    None Set
15 |        Defendants.             |
16

17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DECLARATION OF FRANK COE IN SUPPPORT OF DEFENDANT CITY'S PARTIAL MOTION FOR SUMMARY JUDGMENT

# DECLARATION OF FRANK COE

I, FRANK COE, declare as follows:

1. I am the Chief of Police for the City of Beaumont. The City is a defendant in this action.

2. I have personal knowledge of the facts set forth herein, and if called as a witness to testify thereto, I could competently and truthfully do so.

3. I am familiar with the allegations of the Plaintiffs' Complaint. Neither I nor the Department retaliated against any plaintiff for their membership or activities with the BPOA, or for any other reason. All of my disciplinary decisions were based on the facts of the incidents involved, and were undertaken after having heard from the plaintiff involved and his attorneys at a "Skelly meeting" where we discussed the matters in detail. In each instance wherein one of the plaintiffs was disciplined, following the "Skelly meeting", I recommended a lesser degree of discipline than was initially proposed. The disciplinary actions were believed necessary to maintain the integrity of the department, promote good conduct, and to correct perceived errors in judgment.

4. Far from retaliating against the plaintiffs or the POA membership/leadership, I, in fact, promoted plaintiff Harris to detective, and then to acting sergeant, after the April 2011 meeting and letter. Indeed, the promotion to acting sergeant was made after this lawsuit was filed.. I approved Cpl. Davis' post-Arbitration choice of assignment and shift; I promoted the BPOA president at the time of the BPOA's meeting and letter, Chris Ramos, from corporal to sergeant after that BPOA meeting and letter. Since the April 2011 meeting/letter, the department created two additional Sergeant positions and tested in-house. Neither Davis nor Ford competed, but two POA members were promoted from that process; and Harris, who did not promote in that process, has been appointed to an Acting Sergeant position

4848-3220-1492.1

1     5.     I am familiar with the City of Beaumont's grievance process for
2 discipline matters. That process calls for the aggrieved employee to first participate
3 in mediation; then the matter proceeds to binding arbitration if mediation does not
4 resolve the dispute. Only Cpl. Davis actually carried through the process to its
5 conclusion. Settlements were reached with plaintiffs Ford and Harris before the
6 process reached its end point.
7     I declare under penalty of perjury under the laws of the United States of
8 America that the foregoing is true and correct and that this declaration was executed
9 on May 31, 2013, at Beaumont, California.

_____
FRANK COE, declarant

LEWIS
BRISBOI