# DECLARATION OF SCOT DAVIS

I, Scot Davis, declare as follows:

That I have personal knowledge of the facts contained herein and if called to testify I could and would competently testify to the following:

1. I am one of the Plaintiffs in this case. I'm currently a police officer with the Beaumont Police Department holding the rank of Corporal. I began my law enforcement career with the San Bernardino County Sheriff's Department in January 1997. I was hired by the Beaumont Police Department in October 2007.

2. When I began my employment with the city of Beaumont I became a member of the Beaumont Police Officers Association. I currently hold the position of President with the BPOA. Since that time I have been very active within the BPOA, even at times when I have not held a board position. In addition, I have on multiple occasions acted as a union representative for members of the department.

3. In or about April 2011 I attended a Beaumont Police Officer Association Board Meeting in which issues were discussed relating to the Chief of Police. During the meeting I raised the fact that I believed that due to the actions of the Chief and the uncertainty in the Department that there should be a vote of no confidence relating to the Chief of Police. Ultimately the Association decided to do a written evaluation of the Chief.

4. During the April 2011 Association meeting the specific issues I raised were the inability of the chief to promote qualified officers to the position of sergeant because I believed that raised a safety issues for all officers and his excessive disciplinary action against officers/employees of the department. In addition, the lack of leadership of the Chief of Police and constant policy changes within the Department.

///
///

5. The day following the Association meeting I arrived at work at 6:00 a.m. Immediately after my arrival Chief Frank Coe arrived at the station. I found this unusual as he never arrived that early. Chief Coe called me into his office. He then proceeded to talk to me about issues that had been discussed in the Association meeting the night before.

6. During the conversation in the Chief's office, which lasted approximately three hours, he stated that I would never be promoted at the department. He then stated that he did not care about the evaluations and for all he cared we could put them in the newspaper. When he stated that he did not care, both his body language and the manner in which he was speaking, made it clear that he was upset about the fact that the Association was doing the evaluations.

7. During the Conversation with Chief Coe in the Chief's office he also stated that I will never be a sergeant at this department as long as he is the chief and compared me to a meat cutter, telling a story that the city manager tells. Coe also advised me it's not good that I challenged him, that he is the chief and not me.

8. Later that same day, I was called into Commander Beard's office to discuss the Association meeting from the night before. This conversation lasted approximately one hour. During this conversation Commander Beard stated that I will never be promoted at this department and called me a "Rogue" employee, stating that I'm responsible for the bad morale at the department. One of the reasons Beard believed I would not get promoted to sergeant was that I would be too protective of the officers and promoting me would be awarding bad behavior.

9. After the Association meeting in or about April 2013 it became clear that management, particularly Chief Coe, were unhappy with the statements that I had made at the Association meeting as well as the statements I had written in the evaluation of the Chief which was compiled in a letter and sent to the City Manager.

DECLARATION OF SCOT DAVIS

1  10. On or about June 6, 2011 I was subpoenaed to appear as a witness in a
2  preliminary hearing on or about June 17, 2011.
3  11. On or about June 13, 2011 I consulted with Sandra Younger, the subpoena
4  clerk regarding the proper steps to alert the District Attorney that I would not be
5  able to testify at the preliminary hearing on that date because I would be on FMLA
6  leave due to the birth of my child. I completed, with the assistant of Ms. Younger,
7  the necessary 1050 form. This was the normal practice followed by the department
8  when an officer is unable to make a court appearance. My understanding was that
9  I had completed any and all obligations I had related to the subpoena.
10  12. On June 12, 2011 my Daughter was born. My wife had a difficult time
11  during delivery and needed more assistance than normal with our new baby since
12  she was to be in bed and off her feet for the first week or more.
13  13. On or about June 17, 2011 at approximately 8:35 am, I received a call from
14  Sergeant Mark Keyser ordering me to appear at a preliminary hearing that was
15  taking place at the Southwest Superior Court in Murrieta. At this time I was on
16  approved FMLA leave.
17  14. Although I was on FMLA leave and was of the understanding that I should
18  not be required to attend the hearing, I nonetheless complied with Sergeant
19  Keyser's orders and appeared at the hearing as soon as practicable which was
20  approximately 10:20 am. I sat in the court room until approximately 4:30 when I
21  was released, without ever testifying. When I informed the Judge and the Defense
22  attorney that I was actually on FMLA leave they both stated that I should not be
23  there and continued the hearing until I returned from my leave.
24  15. On or about July 13, 2011, I was given notice by Defendants that I was
25  being demoted from corporal to officer, removed from my assignment in the
26  detective bureau, and suspended for 40 hours for allegedly being late to court while
27  on FMLA leave. Shortly thereafter, Defendants removed me from the detective
28

3
DECLARATION OF SCOT DAVIS

bureau and stripped me of my Corporal stripes. The 40 hour suspension was imposed as a suspended sentence.

16. Based on information and belief, no other officer in the Beaumont Police Department has been disciplined for being late to court. In actuality, I know of many officers who have missed court completely, and on a fairly routine basis have only received discipline in the manner of a written reprimand, and that was after multiple offenses for which there was no viable or valid excuse. Commanders of the department have missed court without excuse and not been subject to any discipline.

17. It appears that the reason for the harsh discipline was a direct result of my statements made in the April 2011 BPOA meeting and my subsequent evaluation of Chief Coe that was included in the letter to the City Manager.

18. On or about August 25, 2011, I underwent surgery to repair a torn rotator cuff and ligament in my right shoulder.

19. On or about October 24, 2011, I returned to work on light duty status. I was assigned to the records department, performing duties normally assigned to civilian employees. This assignment was in direct contravention of Lieutenant Schuler's written directive, dated September 7, 2010, which states that "Police officers on light duty will not be assigned to civilian type duties." Based on information and belief, other sworn Beaumont personnel have not been assigned civilian duties while on light duty. Furthermore, while on light duty, I requested that I be allowed to remove my necktie, as it aggravated my injury. My reasonable request was denied without explanation or justification.

20. I filed an administrative appeal, challenging the discipline imposed against me by Defendants. In February 2012, the discipline imposed against me was rescinded by a neutral arbitrator who found that the City "failed to meet its burden of proving each and every charge" against me.

4

DECLARATION OF SCOT DAVIS

21. I did not choose to return to my assignment in the detective bureau because I would once again have to work under the supervision of Commander Fagan, and feared additional retaliation.

22. Since April 2011, those individuals who participated in completing an unfavorable evaluation of Chief Coe have been subject to extremely harsh discipline and/or terminated.

I declare under penalty of perjury, under the laws of the United States and the State of California that the foregoing is true and correct. Executed this 10th day of June 2013, at Beaumont, California.

*[signature]*
SCOT DAVIS